# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN SCOTT KENT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0820 |
| | § | |
| INTERMETRO INDUSTRIES | § | |
| CORPORATION, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Jonathan Scott Kent's Motion to Remand ("Motion") [Doc. # 6], to which Defendant Intermetro Industries Corporation ("Intermetro") filed an Opposition [Doc. # 7]. Based on the Court's review of the full record and the application of governing legal authorities, the Court **denies** Plaintiff's Motion.

Plaintiff filed this lawsuit in the 125th Judicial District Court of Harris County, Texas. Defendant filed a timely Notice of Removal, asserting federal subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Texas. Defendant is a Delaware corporation with its principal place of business in Pennsylvania. It is undisputed that the amount in controversy exceeds $75,000.00. Consequently, the Court has original subject matter jurisdiction and the case was removable under 28 U.S.C. § 1441(a).

The removal statute, 28 U.S.C. § 1441, governs proper venue for cases removed from state court to federal court. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *see also Houston Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 667 n.1 (S.D. Tex. 1999). Such cases are removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Harris County, Texas, is located in the Houston Division of the United States District Court for the Southern District of Texas. Accordingly, pursuant to 28 U.S.C. § 1441(a), venue in this district is proper.

Plaintiff argues that Defendant waived its right to remove the case because its General Employment Contract with Plaintiff contains a forum selection clause providing for litigation in the state courts in Pennsylvania or in the United States District Court for the Northern District of Pennsylvania. The cases cited by Plaintiff[1] in support of his argument involve situations in which the plaintiff filed the lawsuit in the correct state court as required by a forum selection clause and the defendant improperly removed the case to federal court. In those circumstances, the federal district courts remanded the case to the state court in accordance with the forum selection clause in the parties' agreement. In this case, however, there is nothing to

---

[1]     *Argyll Equities LLC v. Paolino*, 2006 WL 3821812 (5th Cir. Dec. 28, 2006); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396 (5th Cir. 2003).

indicate that Defendant waived any right to remove a case improperly filed by Plaintiff in *Texas* state court.  The Court rejects Plaintiff's argument that Defendant waived its right to remove this case.

There exists complete diversity of citizenship and an amount in controversy greater than the jurisdictional minimum.  As a result, the Court has subject matter jurisdiction over this dispute.  The case was removed from a state court located in this federal district.  Accordingly, venue in this district is proper.[2]  It is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this 4th day of **May, 2007**.

_____

Nancy F. Atlas
United States District Judge

---

[2]     Defendant may request a discretionary transfer to a more convenient district court under 28 U.S.C. § 1404.